UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD M. MARTINDALE, <br><br> Plaintiff, <br><br> v. <br><br> TARGET SOUTHCENTER MANAGEMENT; KAYLA "LAST NAME UNKNOWN"; DENISE MAY; KATHY SMITH; GREGG STERHAFEL; and JOHN MULLIGAN, <br><br> Defendants. | CASE NO. C18-805RSM <br><br> ORDER GRANTING DEFENDANT TARGET CORPORATION'S MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Defendant Target Corporation's (improperly named Target Southcenter Management) Motion to Dismiss under Rule 12(b). Dkt. #7. Plaintiff Richard Martindale has failed to file a timely opposition. For the reasons stated below, the Court GRANTS Defendant Target's Motion.

## II. BACKGROUND

Plaintiff Martindale alleges that Defendants discriminated against him and violated his constitutional rights when they refused to let him use the restroom, called the police, and asked

him to leave a Target store in Tukwila, Washington. Dkt. #1-1. The Complaint states that the alleged discrimination occurred "around the month of December of 2014 or around the month of January apprx [sic] of early 2015." Dkt. #1-1 at 1. However, Plaintiff also states that the day was "during Christmas season" and that Plaintiff was "shopping for Christmas." *Id*. at 2.

Plaintiff filed his Complaint in King County Superior Court on January 24, 2018. Dkt. #1-1. On February 12, 2018, Plaintiff filed an "Amended Exhibit" in the Superior Court case, which appears to be a Police Report from the incident. Dkt. #8 at 10–11. The report is dated December 12, 2014. *Id*.

### III. DISCUSSION

**A. Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

//

//

**B. Defendants' Motion to Dismiss under Rule 12(b)(6)**

Target argues that this case must be dismissed for failure to state a claim upon which relief can be granted because the applicable statute of limitations bars Plaintiff's claims. Dkt. #7 at 8–10. Defendants contend that Plaintiff's claims of race or other discrimination must, under any circumstances, be filed within three years of the incident. *Id*. (citing *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987); *Douchette v. Bethel Sch. Dist. No. 403*, 117 Wn.2d 805, 809, 818 P.2d 1362 (1991); RCW 4.16.080(2)).

The Court agrees with Target. Accepting all facts alleged in the complaint as true, and making all inferences in the light most favorable to the non-moving party, the Court concludes that the incident in question took place prior to Christmas Day, 2014, which is more than three years before this case was filed. Given the apparent claims of discrimination that Plaintiff is bringing against Defendants, all of Plaintiff's claims are thus time-barred. The Court can reach this conclusion without considering the apparent police report attached by Plaintiff, which appears to date the incident as occurring on December 12, 2014. Furthermore, the Court finds that Plaintiff has admitted the merit of this Motion by failing to file an opposition. *See* LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court finds that Plaintiff cannot allege different facts, consistent with the challenged pleading, which could survive dismissal and that therefore leave to amend will not be granted.

## C. Defendant's Other Bases for Dismissal

The Court notes that Target sets forth several other bases for dismissal, including Plaintiff's insufficient service of process. *See* Dkt. #7. The Court finds that these issues need not be addressed given the above, and that dismissal of this case is proper in any event.

## IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Target Corporation's Motion to Dismiss, Dkt. #7, is GRANTED. Plaintiff's claims are dismissed and this case is CLOSED.

DATED this 23rd day of July, 2018.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE